## DREW v. CLAGGETT.

39  431
67  384

The report of an auditor is *prima facie* evidence of the correctness of its findings, and makes a case for the party in whose favor it is, until its conclusions are impeached, controlled, or overthrown by evidence.

When money has been paid, goods sold and delivered, or services rendered upon an executory contract, and the party receiving the money, or goods, or services, rescinds the contract, or wholly fails to comply with its requisitions, or refuses to perform an essential part of the entire contract, the injured party, who has paid the money, sold and delivered the goods, or performed the services, has an election, either to bring an action upon the contract, to recover damages for its breach, or to consider it as rescinded, and bring his action of *indebitatus assumpsit*, to recover the money, the value of the goods sold, or of the services rendered.

ASSUMPSIT. The writ was dated October 20, 1856, and contained five counts, the first upon an account annexed, the other four general, for goods sold, labor and services performed, money had and received, money paid, &c. Plea—the general issue, with notice of a set-off and of a special agreement, under which it was alleged that the labor was performed.

The cause was committed to an auditor, who made a report, finding a balance in favor of the plaintiff, and the defendant elected a trial by jury.

Upon the trial, the plaintiff put in the auditor's report and rested his case. The defendant then introduced evidence tending to impeach the auditor's report; also, evidence of a special contract, which, as the defendant contended, was for the plaintiff to carry on the defendant's farm at the halves for one year. He also contended that a large part of the plaintiff's claim arose under the contract, being for labor and services performed upon said farm.

The plaintiff introduced evidence tending to contradict, in part, the defendant's evidence; also, evidence that the defendant, five months after the contract was executed,

forbid the plaintiff from harvesting the crops or doing anything more with the farm, saying that he had employed another man to carry it on.

The defendant introduced evidence to contradict the plaintiff's evidence in this last respect, and contended that, it appearing that a special contract had been entered into, the declaration should have been on the contract, and that the action could not be maintained in its present form; also, that the evidence was not competent to show a rescission of the contract.

The court instructed the jury that the evidence was competent, as tending to show a rescission of the contract; that if they found that the defendant had rescinded the contract on his part, by prohibiting the plaintiff from working on the farm and carrying out the contract on his part, the plaintiff might treat the contract as rescinded, and could maintain an action for the labor and services performed, in its present form, without a special count on the contract; that if they found that the contract was not rescinded, it was a bar to the action, and their verdict should be for the defendant. The court also instructed the jury that the auditor's report made out a *prima facie* case for the plaintiff, and if they found, upon considering all the evidence, that it had not been impeached, and that the contract had been rescinded, their verdict should be for the plaintiff. To these instructions and rulings of the court the defendant excepted.

The jury returned a verdict for the plaintiff for the amount found by the auditor, and the defendant moved to set the same aside, and for a new trial, for supposed error in said rulings and instructions.

*W. H. Y. Hackett* and *S. H. Goodall*, for the plaintiff.

*Hatch* and *Claggett*, for the defendant.

Drew *v.* Claggett.

Fowler, J. It is well settled in this State that the report of an auditor is *prima facie* evidence that its findings are correct, and that it makes a case upon which the party in whose favor it is may well rest, until its conclusions are impeached, controlled, or overthrown by other evidence. The ruling of the court below upon this point was, therefore, strictly correct. *Mathes* v. *Bennett*, 21 N. H. 188; *Shouter* v. *Swindles*, 37 N. H. 559.

So, too, the authorities are clear, explicit and uniform, that where money has been paid, goods sold and delivered, or services rendered, upon a contract executory on the part of him who receives the money or goods, or for whom the services are performed, and he rescinds the contract, or wholly fails to comply with its requisitions, or refuses to perform an essential part of the entire contract, the injured party, who has paid the money, sold and delivered the goods, or performed the services, has an election, either to bring an action upon the contract, to recover damages for its breach, or to consider the contract as rescinded, and bring his action of general *indebitatus assumpsit*, to recover back the money, or to recover the value of the goods sold and delivered, or of the services rendered. *Luey* v. *Bundy*, 9 N. H. 298, and authorities; *Deming* v. *Comings*, 11 N. H. 474; *Snow* v. *Prescott*, 12 N. H. 535; *Brown* v. *Mahurin*, *ante*, 156; *Pierce* v. *Duncan*, 22 N. H. 18; *Allen* v. *Webb*, 24 N. H. 278.

The rulings and instructions of the court below, on the trial of the case before us, seem, therefore, to have been, in respect to the plaintiff's right to recover notwithstanding the special contract of the parties, in exact accordance with the recognized and well established doctrines of our own court. Indeed, the jury were expressly instructed, in so many words, that the plaintiff could not recover if they found there was a special contract, unless they should also find that it had been rescinded by the defendant.

It is objected that no evidence was offered by the plain-

tiff, competent to be received, as tending to show a rescission of the contract by the defendant; but of this there can be no doubt. The evidence was that the defendant, five months after the contract was made, forbid the plaintiff to harvest the crops, or do anything further with the farm under the lease, at the same time giving the plaintiff notice that he had employed another man to carry it on. Nothing could tend more strongly to show an absolute refusal of the defendant to perform an essential part of the contract, that is, to allow the plaintiff to harvest the crops, from which alone, by the terms of the lease, he was to be compensated for his services in cultivating them; and this manifestly authorized the plaintiff to treat the contract as rescinded. It was an express, unequivocal act of the defendant, repudiating the contract, and refusing to comply with its essential stipulations. *Lucy* v. *Bundy,* 9 N. H. 298; *Allen* v. *Webb,* 24 N. H. 278; *Webb* v. *Stone,* 24 N. H. 282.

With these impressions as to the correctness of the rulings and instructions under which the verdict was rendered, the exceptions taken thereto must be overruled, and judgment be rendered upon that verdict.

*Exceptions overruled—judgment on the verdict.*